FILED
U.S. DISTRICT COURT

2008 MAY 27 A 10:48

DISTRICT OF UTAH

BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| KENNETH FOSTER,<br><br>      Plaintiff,<br><br>  v.<br><br>SCOTT V. CARVER et al.,<br><br>      Defendants. | Case No. 2:06-CV-329 DB<br><br>**ORDER DISMISSING COMPLAINT** |

      Plaintiff, Kenneth Foster, an inmate at the Central Utah Correctional Facility (CUCF), filed this *pro se* civil rights suit under 42 U.S.C. § 1983. *See* 42 U.S.C.S. § 1983 (2007). Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(b). *See* 28 *id.* § 1915. This case is now before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915(e).

### ANALYSIS

#### I. Screening Standard of Review

      Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief may be granted. "Dismissal of a pro se complaint for failure to

state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). When reviewing the sufficiency of a complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding *pro se* the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Id.* However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

## II.  Plaintiff's Allegations

Plaintiff's Complaint alleges denial of due process and cruel and unusual punishment based on changes to his privilege level classification and housing assignment. Plaintiff states that in November of 2005 he was enrolled in the HOPE substance abuse program at CUCF. Plaintiff requested to withdraw from the

program "because of undue pressure from the inmate leadership of the program and undue stress." (Compl. at 5.) Plaintiff spoke to Defendant Wade who told Plaintiff the only way he could be removed from the program was to be "E-leveled," which meant having his privilege level dramatically reduced.[1] Plaintiff told Wade that if he had to be "E-leveled" in order to be removed from the program then "so be it." Plaintiff states that he "opted to be removed from the continuing undue stress of the program at any cost." (Compl. at 5.) In accordance with Plaintiff's wishes Plaintiff received an "Immediate Privilege Level Adjustment," was removed from the substance abuse program and was moved to the special housing unit. Plaintiff asserts that he should have been allowed to withdraw from the substance abuse program without suffering any loss of privileges; he also asserts he was entitled to some sort of due process before having his privilege level reduced. Plaintiff's Complaint seeks $30,000 in punitive damages and "a permanent injunction against participation in the HOPE program at CUCF." (Compl. at 12.)

---

[1] An inmate's privilege classification level determines, among other things, where they are housed, how much out-of-cell time they are allowed and which programming options are available to them.

3

### III. Sufficiency of Plaintiff's Claims

#### A. Due Process

"The Due Process Clause guarantees due process only when a person is to be deprived of life, liberty, or property." Templeman v. Gunter, 16 F.3d 367, 369 (10th Cir. 1994). Thus, the first step in evaluating any due process claim is to determine whether the allegations implicate a liberty or property interests protected under the U.S. Constitution.

It is well established that prisoners have no right under the Federal Constitution to any specific classification or housing assignment. See Hewitt v. Helms, 459 U.S. 460, 468, 103 S. Ct. 864, 869 (1983); Templeman v. Gunter, 16 F.3d 367, 369 (10th Cir. 1994); Levoy v. Mills, 788 F.2d 1437, 1440 (10th Cir. 1986). "Changing an inmate's prison classification ordinarily does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison." Templeman, 16 F.3d at 369. Reclassification will implicate a protected liberty interest only where it imposes an "atypical or significant hardship on the inmate in relation to the ordinary incidents of prison life," or threatens to lengthen his term of confinement. Sandin v. Conner, 515 U.S. 472, 485-87, 115 S. Ct. 2293, 2301 (1995).

Plaintiff cannot show that his reclassification or housing

4

transfer imposed an "atypical or significant" hardship on him in relation to the ordinary incidents of prison life. Although Plaintiff's transfer resulted in the withdrawal of certain privileges, such as additional out-of-cell time, the regime to which he was subjected as a result of his reclassification was clearly "within the normal limits or range of custody which [his] conviction . . . authorized the State to impose." <u>Meachum v. Fano</u>, 427 U.S. 215, 225, 96 S. Ct. 2532, 2538 (1976); <u>see also Sandin</u>, 515 U.S. at 487. Finally, Plaintiff cannot show that his reclassification lengthened his actual term of confinement, regardless of whether it had any effect on his parole date.

In sum, because Plaintiff's privilege level reduction and housing transfer did not deprive him of any liberty to which he was entitled under the Federal Constitution, "no particular process was constitutionally due or required, regardless of state law." <u>Templeman</u>, 16 F.3d at 371. Thus, the Court concludes that Plaintiff's allegations fail to state a claim for denial of due process.

### B. Cruel and Unusual Punishment

Plaintiff's assertion that his transfer to the special housing unit, with its attendant loss of privileges and programming options, amounted to cruel and unusual punishment under the Eight Amendment also lacks merit. It is well settled

5

that prisoners do not have a constitutional right to participate in rehabilitative or other programs. "Courts have not accepted the claim that an inmate has a constitutional right to any educational, or other programs, and there has never been a recognized constitutional right of rehabilitation for prisoners." *Termunde v. Cook*, 684 F. Supp. 255, 259 (D. Utah 1988); *see also Johnson v. Galli*, 596 F. Supp. 135, 159 (D. Nev. 1984) ("There is no constitutional right to rehabilitation; idleness and a lack of programs do not violate the Constitution."). Moreover, given Plaintiff's admission that he voluntarily chose to forego these privileges rather than continue with the substance abuse treatment program there is no basis for Plaintiff's assertion of deliberate indifference by Defendants. Finally, Plaintiff does not allege any facts showing that the general restrictions imposed in the special housing unit amount to cruel and unusual punishment.

Thus, the Court concludes that Plaintiff's allegations are insufficient to state a claim under the Eighth Amendment.

**ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's Complaint is **dismissed** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief can be granted. *See* 28 U.S.C.A. § 1915 (West 2007).

DATED this _22nd_ day of May, 2008.

BY THE COURT:

_____
Dee Benson
United States District Judge